Fred Thomas **DORSSART**, Jr.

v.

**Olin G. BLACKWELL, Warden.**

**Civ. A. No. 11277.**

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 31, 1967.

Fred Thomas Dossart, Jr., pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for respondent.

ORDER

EDENFIELD, District Judge.

Petitioner is presently confined in the United States penitentiary in Atlanta, Georgia, where he is serving a one-year sentence imposed by the District Court for the Eastern District of Louisiana. He has alleged that his confinement in a penitentiary, when his sentence is for no more than one year, is in violation of 18 U.S.C. § 4083 and is therefore illegal.

Section 4083 reads as follows:

"Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary.

"A sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant."

Petitioner further alleges he has not consented to serve his sentence in a penitentiary.

Section 4083 was amended in 1959. Under the law as it had previously stood, the length of a particular sentence determined whether a prisoner could be incarcerated in a penitentiary. See Copeland v. Archer, 50 F.2d 836 (9th Cir. 1931). As the court reads Section 4083 as amended, however, whether a prisoner is to be confined in a penitentiary or not depends not on the length of the sentence which he actually received, but on the length of the sentence he *could* have received under the applicable law. There

appear to be no cases specifically interpreting Section 4083. Comments in two cases since 1959 implying that the pre-1959 meaning was still applicable were in the nature of obiter dicta. Yates v. United States, 316 F.2d 718 (10th Cir. 1963); United States ex rel. Ormento v. Warden, 216 F.Supp. 609 (D.C.Kan. 1963). Further supporting the court's conclusion as to the meaning of Section 4083, which concededly does lend itself to some confusion on its face, is the legislative history of the 1959 amendment. This clearly indicates that the purpose of the amendment was to allow persons who had received a sentence of only one year or less to be sent to a penitentiary if they could have received a sentence in excess of one year. U.S.C. C.A.N. 2315–17 (1959).

Petitioner's present confinement in the penitentiary not being in violation of any law, the petition for a writ of habeas corpus is therefore denied.