**UNITED STATES of America**

v.

**Franklin D. SHEPPARD, Jr., Appellant.**

**Nos. 23166, 71–1151.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 6, 1971.

Decided Jan. 14, 1972.

Mr. George Y. Wheeler, with whom Mr. Ranier K. Kraus, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Raymond Banoun, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Gregory C. Brady, Asst. U. S. Attys., were on the brief, for appellee. Mr. Herbert B. Hoffman, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and McGOWAN, Circuit Judge, and A. SHERMAN CHRISTENSEN, U. S. District Judge for the District of Utah.*

PER CURIAM:

Appellant was convicted of kidnapping, 18 U.S.C. § 1201, and assault with a dangerous weapon, 22 D.C.Code § 502. The relevant facts indicate that while the complaining witness was waiting for a bus, appellant stopped his car in front, of her and, at gunpoint, ordered her into the car. Appellant then drove some fifty miles into Virginia. While at a stop sign, a short struggle occurred and the complaining witness was able to escape.

In No. 23,166, appealing the conviction, the only contention which deserves mention is that inaccurate material was included in appellant's pre-sentence report and relied upon by the trial judge in determining the length of appellant's sentence.[1]

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

[1]. The appeal in No. 71–1151 is from an order granting the Government's motion to correct the record. The correction changed the trial court's instruction on the necessity of proof of the abductor's purpose from one which appellant claimed was erroneous to one which he conceded

**280**

Specifically, appellant refers to a paragraph of the pre-sentence report which states that an FBI agent had informed the probation office that appellant had been charged in 1967 with a similar crime which the United States Attorney declined to prosecute. Appellant now denies that he was every arrested or charged with such a crime, and points out that the pre-sentence report elsewhere indicates that appellant's FBI and Metropolitan Police Department abstracts show no record of any prior arrest.[2] Finally, he argues that the remarks of the sentencing judge clearly indicate that the alleged inaccuracy was crucial to the determination of his sentence.[3]

If the arrest relied upon by the trial judge did not take place, resentencing would, of course, be required. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). But neither appellant nor his counsel objected at sentencing to the trial judge's recital, and the record before us is therefore devoid of any denial of this prior arrest. Accordingly, any action we might now take could be based only on speculation. If appellant does in fact deny that the alleged arrest took place, that denial should be made in the first instance to the trial court. We affirm the conviction without prejudice to appellant's proceeding by means of a motion for reduction in sentence under Fed.R.Crim.Pro. 35.

Affirmed.

was proper. Since we think the uncorrected instruction was proper, any error in granting the Government's motion would be harmless. Accordingly, the decision of the District Court in No. 71–1151 is affirmed.

2. *See* Baker v. United States, 388 F.2d 931, 934 (4th Cir. 1968) ("No conviction or criminal charge should be included in the report, or considered by the court, unless referable to an official record.")

3. When appellant came before the court for sentencing, the judge made the following comment:

*The Court*: Mr. Sheppard, there is a full probation report. There is an indication that you were involved in the same kind of conduct as the conduct for which you were convicted which happened in December of 1967, also involving the forcing of a young girl, in this case at knife point, into your car and taking her to Virginia.

Under the circumstances, we don't have much alternative.

Sent. Tr. 2. Appellant was then sentenced to from five to fifteen years in prison.