**Robert WILLIAMS, Petitioner,**

v.

**Loren E. DAGGETT, Warden, United States Penitentiary Leavenworth, Kansas, Respondent.**

**No. 74–17–C3.**

United States District Court,
D. Kansas.

March 19, 1974.

---

Robert Williams pro se.

Robert J. Roth, U. S. Atty., Wichita, Kan., and Mary K. Beck, Asst. U. S. Atty., Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Senior District Judge.

This action is before the court pursuant to its order that the file be returned to the undersigned judge upon the filing of the respondent's answer and return and the petitioner's traverse thereto. There are no disputed factual issues, and the court finds from the uncontroverted allegations of the pleadings that the facts are as follows:

1. Petitioner, Robert Williams, is presently in the custody of the respondent at the United States Penitentiary, Leavenworth, Kansas.

2. On April 8, 1970, he was sentenced by the United States District Court for the Eastern District of Missouri to two concurrent terms of five years imprisonment following his conviction on two counts of violation of 18 U. S.C.A. § 472.

3. On June 30, 1972, he was further sentenced to six months imprisonment by the United States District Court for the Southern District of Indiana following his entry of a plea of guilty to violation of 18 U.S.C.A. §§ 7 and 13 and Burns Indiana Statute 10–403 (assault). The court directed that this sentence run consecutively to the two concurrent five-year terms which the petitioner was serving at the time.

4. The maximum punishment for violation of Burns Indiana Statute 10–403 is six months in jail or a fine of up to $1,000 or both.

5. The full-term expiration date of the aggregated consecutive sentences is September 28, 1975.

6. With full allowances for pretrial custody and the maximum statutory good time on the aggregated sentences, petitioner's mandatory release date would be April 18, 1974. (See Respondent's Exhibit C).

7. However, petitioner has forfeited 87 days of good time during his incarceration and his present mandatory release date is July 14, 1974. (Respondent's Exhibit C).

■ Petitioner contends that his continued incarceration in the penitentiary is unlawful. It is his theory that he is presently serving only a six-month sentence and therefore may not be held at the penitentiary without his consent. See 18 U.S.C.A. § 4083.

■ The respondent contends that he may properly aggregate the petitioner's two sentences for all purposes. While it appears that no cases have directly considered an identical situation, the court is satisfied that respondent's action is correct. The aggregation for good time computations is mandatory. 18 U.S.C.A. § 4161. The courts have consistently held that good time on the first of two consecutive sentences may be properly forfeited upon violation of parole condition even though the first sentence has expired. See *e. g.*, Stanford v. Taylor, 337 F.2d 176 (10th Cir. 1964), terms of five and two and one-half years; Kelly v. Goodwyn, 239 F.Supp. 269 (E.D.Tex. 1965), terms of five years and one year.

■ Further, the obvious purpose of 18 U.S.C.A. § 4083 is to separate misdemeanants from felons. Here the petitioner has already spent much of the last four years in various penitentiaries because of felony convictions. Keeping him at Leavenworth will not materially affect his rehabilitation.

The court is satisfied that this action is legally frivolous, and, accordingly,

It is ordered that this action be dismissed and that the clerk transmit copies of this memorandum and order to the petitioner and to the United States Attorney for the District of Kansas.