Jesse James ROBINSON,
Plaintiff-Appellant,

v.

G. F. McCUNE, Warden, United States
Penitentiary, Leavenworth, Kansas,
Defendant-Appellee.

No. 76–1266.

United States Court of Appeals,
Tenth Circuit.

June 25, 1976.
Rehearing Denied Aug. 26, 1976.

Jesse James Robinson, pro se.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., filed memorandum in opposition of summary reversal seeking summary dismissal, for defendant-appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

At the time this action was commenced, Robinson was a federal prisoner confined at the United States Penitentiary at Leavenworth, Kansas. In the district court he contended that he was unlawfully being compelled to serve sentences imposed for misdemeanor convictions at a penitentiary. This, he claimed, was in violation of 18 U.S.C. § 4083.[1] Robinson also asserted that prison authorities improperly forfeited 176

---

1. 18 U.S.C. § 4083 provides that:

"Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary.

*A sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant".* (Emphasis supplied)

days of earned good time when his parole was revoked. The relief sought was in the form of a transfer to a lesser custody institution and restoration of the forfeited good time.

The district court concluded that the good time forfeiture issue was frivolous and denied relief. We agree and affirm as to that issue only. There is nothing in the record to indicate that the forfeiture of good time pursuant to 18 U.S.C. § 4165 was other than proper. *See, Downey v. Taylor*, 327 F.2d 660 (10th Cir. 1964); *Hoover v. Taylor*, 334 F.2d 281 (10th Cir. 1964); *Stanford v. Taylor*, 337 F.2d 176 (10th Cir. 1964).

A brief discussion of the factual background is necessary to bring the place of custody issue into sharp focus. While Robinson was serving two concurrent five year (felony)[2] sentences imposed by the United States District Court for the Middle District of Alabama, he was charged with two misdemeanor counts in the United States District Court for the District of New Mexico and was sentenced to one year on each count, to run concurrently with each other, but consecutively "to any sentence now serving".

As the completion of the felony sentences approached, Robinson requested that he be transferred to a lesser custody institution for service of the misdemeanor sentences. This request was denied. It was the position of prison authorities that Robinson's sentences had been aggregated and that he was serving one, combined sentence exceeding one year which he was properly serving at Leavenworth.

In response to the district court's order to show cause, the government vigorously maintained that *all* consecutive sentences, felony or misdemeanor, could be aggregated for *all* purposes, including place of confinement. The government also argued that Robinson had failed to exhaust available administrative remedies. However, in its Memorandum and Order filed January 20, 1976, the district court rejected the latter argument. The district court also found

that from the Bureau of Prisons' sentence computation records, Robinson had until March 3, 1976, less any newly accumulated good time, to serve on the felony sentences and concluded that appellant was not yet ". . . serving a sentence for 'an offense punishable by imprisonment for one year or less' and that his consent to imprisonment at a penitentiary is not needed". Finally, relying on *Williams v. Daggett*, 377 F.Supp. 1110 (D.Kan.1974), the district court concluded that Robinson's continued incarceration at Leavenworth would not materially affect his rehabilitation because he had spent the greater part of the past five years in a penitentiary serving felony sentences. Judgment was entered denying all relief and dismissing the action. This appeal followed.

The critical issue in this appeal involves what amounts to a direct challenge to the apparent practice of the Bureau of Prisons under which all sentences are aggregated for all purposes. It is clear that Robinson does not specifically attack the legality of his incarceration *per se*, but rather the place of his confinement.

The district court's denial of relief seems to have been grounded, at least in part, on the assumption that Robinson had not yet commenced service of the misdemeanor sentences. Specifically, the district court concluded that Robinson was not yet in any type of custody for which his consent was necessary. In view of the Bureau of Prisons' strong and clearly articulated position with respect to the aggregation of consecutive sentences, we doubt that Robinson's claim could be considered premature. *See Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

It is abundantly clear that under 18 U.S.C. § 4161 consecutive sentences must be aggregated for purposes of sentence computation. *Downey v. Taylor, supra*. However, basic to the resolution of this controversy is a determination whether the "single term" concept of § 4161, when read together with § 4083, may be construed as a blanket authority to aggregate consecutive

2. See 18 U.S.C. § 1.

misdemeanor sentences with unexpired felony sentences for all purposes, including place of confinement.

Not unexpectedly, the government relies strongly on *Williams v. Daggett, supra.* In *Williams*, the court upheld the Bureau of Prisons' practice of aggregating a consecutive misdemeanor sentence with a prior felony sentence in order to require service of the misdemeanor sentence at a penitentiary.

In 1959, § 4083 was amended to permit more flexibility in confining convicted felons who were sentenced to less than one year.[3] Formerly, the length of the sentence actually imposed was the sole factor in determining whether incarceration at a penitentiary would be authorized. The amendment allowed incarceration at a penitentiary only if the offense was punishable by a sentence in excess of one year. Under the amended statute, persons convicted of a felony may be required to serve their sentences at a penitentiary regardless of the actual length of the sentence imposed. However, a misdemeanant under the amended statute cannot be required to serve his sentence at a penitentiary without his consent. *Dorssart v. Blackwell*, 277 F.Supp. 399 (N.D.Ga.1967).

■ In our view, the practice of aggregating consecutive misdemeanor sentences with prior unexpired felony sentences for purposes of determining place of confinement is not only unauthorized under § 4161, but also does substantial violence to the clear legislative intent expressed in § 4083. The Bureau of Prisons' authority to aggregate consecutive sentences is plainly limited by § 4161 to good time credit computation matters. Any expansion of that authority, administratively, cannot be reconciled with the clear, unambiguous language of the statute. Further, the statutory prohibition of § 4083 against service of misdemeanor sentences at a penitentiary, in the absence of consent, seems absolute. *See Brede v. Powers,*, 263 U.S. 4, 44 S.Ct. 8, 68 L.Ed. 132 (1923); *In re Mills*, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107 (1890); *In re Bonner*, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 140 (1894); *United States v. Goldstein*, 502 F.2d 526 (3rd Cir. 1974) at page 530, n. 4.

■ The conclusion is virtually inescapable that the construction given § 4161 by the government in this case is both overboard and in disregard of the plain, limiting language of the statute. We also think that any exception to the express prohibitory language of § 4083 based on an individual prisoner's potential for rehabilitation is a distinctly legislative matter. Accordingly, it is our view that Robinson cannot be compelled to serve the misdemeanor sentences at a penitentiary, in the absence of his consent. Although technically the matter is not before us, the district court's decision in *Williams v. Daggett*, supra, insofar as it is inconsistent with this opinion, is disapproved.

■ During the pendency of this appeal the government has advised us that Robinson was mandatorily released from custody on April 20, 1976. This development, it is argued, renders the appeal moot. We are further advised that Robinson will be subject to the supervision of a United States Probation Officer until September 3, 1976. Presumably, he will also be subject to the usual conditions of mandatory release.

The government's position on the place of confinement issue is clearly articulated and unequivocal. Accordingly, we think it not beyond possibility that Robinson could again be confined in a penitentiary-type institution for service of the balance of his misdemeanor sentences in the event his mandatory release is revoked. Thus the collateral consequences of the challenged policy will continue to affect him. We also note that because of the relatively short time remaining to be served on the misdemeanor sentences, judicial review would, as a practical matter, be all but foreclosed if he should be reincarcerated. Accordingly, we think the appeal survives Robinson's release from actual custody. *See Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

**3.** P.L. 86–256, 1959 U.S.Cong. and Adm.News, p. 2315.

The judgment of the district court is affirmed with respect to the good time forfeiture issue and reversed with respect to the place of confinement issue. Inasmuch as Robinson is presently free from the type of custody under attack and there is no indication that the government will disregard the views expressed herein, upon the filing of our mandate, the district court need take no further action in this case. Of course, the district court may re-open these proceedings if it later becomes necessary to enforce the prohibition of § 4083.