**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Malcolm RIFFE,**
**Defendant-Appellant.**

No. 76–4151
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 14, 1977.

Rehearing and Rehearing En Banc
Denied May 19, 1977.

Melvyn Carson Bruder, Dallas, Tex., for defendant-appellant.

Michael P. Carnes, U. S. Atty., Dallas, Tex., Alvin Badger, Judith A. Shepherd, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**1014**

PER CURIAM:

Kenneth Riffe appeals the denial of a motion to reduce his sentence pursuant to Rule 35, F.R.Crim.P. He was convicted upon a plea of guilty to delivering cocaine in violation of 21 U.S.C. § 841(a)(1), and this court affirmed. *See United States v. Riffe,* 536 F.2d 1386 (5th Cir. 1976) (R. 21). Neither on direct appeal nor in the district court on his Rule 35 motion did appellant raise the issue of the invalidity of his guilty plea. He now asserts that the trial court failed correctly to perform its Rule 11 functions and that he was erroneously informed of a maximum penalty for the charged crime that in fact exceeded the statutory maximum.

At the hearing below on his Rule 35 motion, appellant not only failed to raise these issues, but he failed to question the validity of his conviction on any ground, seeking only to mitigate his sentence. Moreover, the grounds asserted for mitigation did not suggest the invalidity of the plea. Although under some circumstances a Rule 35 motion to reduce sentence will be construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, appellant did not seek such an interpretation.

The question whether the guilty plea was invalid is hence not properly before this court, and we decline to pass on this matter. We refuse to find fault with the trial court's ruling on the Rule 35 motion on a basis never presented to it, and upon which that court had no reason to require further factual development. No such exceptional circumstances exist in the case at bar that would warrant departing from this principle in order to avoid a miscarriage of justice. *See United States v. Grene,* 455 F.2d 376, 378 (5th Cir.), *cert. denied,* 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972); *United States v. Hall,* 440 F.2d 1277, 1278 (5th Cir. 1971); *United States v. Hunter,*

417 F.2d 296, 297 (5th Cir. 1969); *Potter v. United States,* 304 F.2d 664, 666 (8th Cir. 1962).[1] Appellant is free to use other procedural devices to attack his conviction, though we intimate no conclusions regarding the merits of his claim. The judgment of the district court is

AFFIRMED.

---

1. *Cf. United States v. Resnick,* 483 F.2d 354, 358 (5th Cir.) *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973) (question raising for first time on appeal the possibility of unconstitutional sentence was required to be passed on first by trial court pursuant to Rule 35).