**UNITED STATES of America**

v.

**Irvin L. HALL, Appellant.**

**No. 77–1272.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 17, 1977.

Decided Dec. 22, 1977.

As Amended Jan. 27, 1978.

Certiorari Denied March 20, 1978. See 98 S.Ct. 1492.

William E. Reukauf, Washington, D. C., for appellant.

Peter C. DePaolis, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and E. Lawrence Barcella, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, WRIGHT and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Defendant was convicted on one count of possessing a controlled substance with intent to distribute it, 21 U.S.C. § 841(a), and two counts of possessing narcotics, 33 D.C. Code § 402. The trial judge imposed a sentence of 15 months to five years on count one (possession with intent to distribute) and six months each on counts three and four (possession). The sentences on the latter two counts were to run concurrently with each other but consecutively to the sentence on count one.

On appeal, defendant does not challenge his conviction but asserts two claims of error with respect to the sentencing process. First, he contends that the trial judge promised that no consecutive sentences would be imposed and that this promise induced defendant to waive various rights and agree to trial by the court on stipulated facts. Second, defendant contends that the trial judge improperly relied on a supplemental presentence report containing damaging and, more importantly, false hearsay allegations. Defendant therefore urges this court to remand the case to a different trial judge for resentencing.

■ Defendant's first argument gives us pause, since the record does contain some indication that the trial judge expressed willingness during a pretrial hearing conducted on October 26, 1976, not to impose consecutive sentences if defendant were convicted of the possession counts; and some indication that defendant stipulated to the facts underlying the possession counts in response to the trial judge's assurances. *See* Tr. I at 225–227. Sentence was not imposed until three months later, however, and at that time no argument was made that the judge had agreed not to impose consecutive sentences. Rather, defense counsel commented that he thought "the sentence was fair under all the circumstances." Tr. V at 40. It is of course conceivable that, in the three month interval between the pretrial hearing and sentencing, defense counsel and the trial judge had forgotten about the asserted agreement.[1] But we are unable to find plain error on this record, particularly in view of defense counsel's expression that "the sentence was fair." *See* F.R.Crim.P. 52(b); *cf. United States v. Sheppard*, 149 U.S.App. D.C. 175, 176, 462 F.2d 279, 280, *cert. denied*, 409 U.S. 985, 93 S.Ct. 335, 34 L.Ed.2d 250 (1972).

■ Defendant's second contention concerns a problem that has troubled us on previous occasions. At the trial judge's request, the government supplied him with a supplemental presentence report containing hearsay information which defendant vigorously disputed. When called upon to verify this information, *see United States v. Bass*, 175 U.S.App.D.C. 282, 535 F.2d 110 (1976), the government conceded its inability to do so in several respects and withdrew a portion of the report. We think the practice of submitting to the trial judge information to aid him in sentencing which the government has not verified or is unable to verify poses obvious dangers. The trial judge could rely on inaccurate or disputed information, or he could choose to ignore reliable information out of concern that the government's allocution might be questionable in its entirety.

In this case, however, the trial judge evidenced concern about the reliability of the information before him. The trial judge held a hearing during which he sought verification of the disputed allegations from the government. The trial judge made clear his attempts to ignore—to the extent humanly possible—those allegations which remained unsubstantiated. And we agree with defense counsel's observation that the sentence imposed appears fair under the circumstances.

Accordingly, we conclude that the sentencing process in this case comported with the requirements we articulated in *Bass, supra*, 175 U.S.App.D.C. at 293, 535 F.2d at 121, and the judgment herein must therefore be

*Affirmed.*

1. Defendant's counsel on appeal was not his counsel in the trial court.