UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Lee SCOTT, Defendant-Appellant.

No. 81–1309

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1982.

Mark Withrow, Midland, Tex. (Court-appointed), for defendant-appellant.

Joseph Casseb, Sidney Powell, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Scott appeals from a re-sentence following grant of his motion to correct and delete an illegal condition of his sentence. Fed.R.Crim.P. 35(a). On appeal, Scott raises issues implicating the validity of his original conviction, as well as alleged resentencing improprieties, none of which were raised before the district court. Finding that a Rule 35 sentence-correction motion cannot raise pre-sentence errors pertaining to the validity of the original conviction, and that alleged errors in the resentencing proceedings cannot be raised for the first time on appeal, we affirm the sentencing order.[1]

*Factual Context*

Upon a plea of guilty of January 8, 1980 to conspiracy to manufacture a controlled substance, 21 U.S.C. § 846, Scott was, on January 30, 1980, initially sentenced to a prison term of five years *with a special parole term under 18 U.S.C. § 4205(b)(2) of ten years.* On June 16, 1980, the Supreme Court held that a special parole term may not be imposed for a violation of 21 U.S.C. § 846. *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). The present posture of this case results from Scott's efforts to eliminate what his initial motion of July 21, 1980 termed the "illegal sentence" of special parole.

In response to this initial motion, on July 22, the following day, the district court vacated the entire prior sentence and resentenced Scott to five years of imprisonment (thus eliminating the special parole term), but without Scott being present. On No-

---

1. On an initial consideration of this appeal, we noted an issue of timeliness, and we remanded to the district court for it to determine whether "excusable neglect", Fed.R.App.P. 4(b), saved the defendant Scott's appeal despite the circumstance that the notice of appeal was filed one day late. *United States v. Scott,* 672 F.2d 454 (5th Cir. 1982). In proceedings below, the district court determined that excusable neglect had been established and that an out-of-time appeal should be permitted, and the appeal was ordered reinstated by this court.

vember 11, 1980, Scott, pro se, filed what he styled a "motion for habeas corpus", for the most part complaining that the illegal sentence of January 30, 1980, had caused him to serve 183 days, and that the resentencing on July 22, 1980 (without allowing credit for time served on the illegal sentence) was invalid since Scott was not present. After referring Scott's motion to a magistrate, the district court (on the magistrate's recommendation of June 8) decided that Scott was entitled to a new sentencing hearing, with Scott present in person. This was held on June 24, 1981, at which time Scott was present and represented by counsel. (At this hearing, Scott was resentenced again to a prison term of five years, but the sentencing judgment was made effective "nunc pro tunc" January 30, 1980.)

*The Issues and Their Resolution*

■ Scott prosecutes the present appeal from this second resentencing of June 24, 1981. Scott contends that, by this appeal, he is entitled to question the merits of his initial conviction, specifically whether the hearing of January 8, 1980 (which preceded his *original* sentencing hearing of January 30, 1980) shows that his plea of guilty there taken was knowing and voluntary and taken in compliance with Fed.R.Crim.P. 11. Further, although he did not raise these issues at the resentencing hearing of June 24, 1981 that resulted in the judgment and sentencing order on that date presently appealed, Scott also contends (1) that the resentencing did not afford him the proper consideration contemplated by Fed.R. Crim.P. 32(c) because "virtually no sentence report [was] prepared prior to [his] resentencing."[2] and (2) that his resentencing on June 24, 1981, after a delay of nearly eigh-

teen months from his original plea of guilty, offended his constitutional speedy trial rights.

Both Scott and the government agree that his "motion for habeas corpus" of November 17, 1980 (that provoked the hearing that resulted in the appealed judgment of June 24, 1981), although so styled by Scott pro se, should be considered a motion under Fed.R.Crim.P. 35(a) to correct an illegal sentence, since it questions solely the illegal sentence of January 30, 1981 and the void resentencing in his absence of July 22, 1980. See *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).[3] However, a Rule 35(a) motion is ordinarily restricted to securing correction of an illegal sentence, and it may not be used "to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). See also *United States v. Riffe,* 550 F.2d 1013, 1014 (5th Cir.), *cert. den.* 434 U.S. 831, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977).

Scott nevertheless argues that the entire merits of his conviction are before us, because this is the first valid sentence imposed upon him—that the initial sentence of January 30, 1980 was "clearly an illegal and void sentence because it contained a punishment that exceeded that punishment allowable by statute."

Even if we assumed such to be the case, we do not read *Hill,* as does Scott, as implying that the merits of the conviction as well as the illegality of the sentence may be attached upon an appeal from a Rule 35 determination. Further, as *Bifulco* made plain in vacating only the special parole

---

2. Were the merits before us, we would note that at the original sentencing hearing of January 30, 1980, a full pre-sentence report was considered and discussed by the court and Scott and his counsel, R.III, 34 40, and that at the resentencing hearing of June 24, 1981 (at which Scott was present and also represented by counsel), reference was made to a supplemental pre-sentence report covering the interval following the original sentencing eighteen months earlier (during which entire time Scott had been confined in federal custody), and his counsel discussed Scott's favorable work re-

ports continuously since his incarceration and the unusual amount of community service given by him during it. R.III, 58–67. See note 4, *infra.*

3. If the motion had questioned the voluntariness of the plea of guilty of January 8, 1980, then this issue might be considered as presented by an application under 28 U.S.C. § 2255 attacking the sentence as imposed in violation of the Constitution or laws of the United States.

term (but leaving the prison sentence undisturbed), 447 U.S. at 400, 100 S.Ct. at 2259, the sentence itself to imprisonment was valid, only the unauthorized special parole term was subject to invalidation. Thus, if Scott had any complaints as to his guilty plea cognizable on a direct appeal, he was entitled, but failed, to take a timely appeal from the original sentencing order of January 30, 1980. Having failed to do so, he may not raise issues concerning the validity of his conviction on an appeal from the determination of his Rule 35(a) motion, which is limited in consideration to the illegality of the sentence and which cannot implicate claims of pre-sentence error.[4]

Thus, we are unable to consider, on this appeal from a Rule 35 sentencing motion, Scott's complaints as to the alleged invalidity of the guilty plea conviction upon which the sentence was based.

As to Scott's complaints concerning the resentencing of June 24, 1981 now on appeal—the alleged deficiencies of the presentence investigation (*but see* note 2 above), and the alleged denial of speedy trial rights by the eighteen-month delay between the guilty-plea conviction of January 8, 1980, and the resentencing of June 24, 1981 (*but see, e.g., Pollard v. United States*, 353 U.S. 354, 361–62, 77 S.Ct. 481, 485–86, 1 L.Ed.2d 393 (1957))—Scott represented by counsel did not complain of these issues nor raise them before or at the June 24 resentencing hearing and the sentence imposed thereat, nor by appropriate post-sentencing motion. Not having raised these issues below, absent plain error (and none is here shown), he may not urge them on appeal. Fed.R.Crim.P. 51, 52. *See, e.g., United States v. Carreon*, 626 F.2d 528, 536 (7th Cir. 1980) (failure to raise issue at sentencing hearing precludes review); *United States v. Sheppard*, 462 F.2d 279 (D.C.Cir.1972) (alleged error in pre-sentence investigation report, not raised at sentencing hearing, cannot be considered on direct appeal).

4. As we observed in *Riffe, supra*, a Rule 35 motion may sometimes under its pleadings be construed as a 28 U.S.C. § 2255 motion to

For the reasons stated, therefore, we AFFIRM the sentence imposed.

AFFIRMED.

vacate a sentence, 550 F.2d at 1014. In the present instance (see note 2 *supra*), however, Scott made no such claims in his motion.