**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard HANYARD,
Defendant-Appellant.**

**No. 84–1951
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1985.

Bernard Hanyard, pro se.

James A. Rolfe, U.S. Atty., Ronald C.H. Eddins, Fort Worth, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and HIGGINBOTHAM, Circuit Judges.

GARWOOD, Circuit Judge:

This is an appeal of a district court judgment denying a Motion for Correction, or Reduction of Sentence under Fed.R.Crim.P. 35.

## FACTS

In 1984, appellant, Bernard Hanyard, was indicted for violating 26 U.S.C. § 7203

by willfully failing to timely file federal income tax returns for the years 1977, 1978, and 1979. Pursuant to a plea agreement, he subsequently pleaded guilty to one count of the multi-count indictment, and the remaining counts were dismissed. On July 6, 1984, appellant was sentenced to one year's imprisonment and fined $10,000. Also on that date, appellant, in a separately docketed proceeding before the same district judge, was convicted upon a guilty plea for violation of 21 U.S.C. § 843(b) for intentionally using a communication facility to facilitate the distribution of cocaine. He was fined $25,000 and placed on four years' probation to begin upon his release from custody for the income tax violation. On August 9, 1984, appellant entered the federal prison system and was assigned to the federal prison camp, Big Spring, Texas, for confinement, where he has remained to date.

Appellant did not appeal his convictions. Instead, on October 23, 1984, appellant filed, in the income tax violation case, a Motion for Correction, Reduction, or Modification of Sentence under Fed.R.Crim.P. 35. He alleged that confinement at the federal prison camp, Big Spring, Texas, a facility used primarily for housing felons, was illegal because he had been convicted as a misdemeanant and because he had filed federal income tax returns for the calendar years 1977, 1978, and 1979, at least two years prior to his conviction. On November 2, 1984, the district court denied his motion. Appellant filed a timely notice of appeal contending that the district court abused its discretion in failing to reduce his sentence to time served, in refusing to sentence him to a community treatment center or a halfway house facility, in sentencing him to a correctional facility primarily designated for low-risk felons, and in not correcting his sentence after evidence was submitted proving he was not guilty of failing to file a tax return for 1979.

## DISCUSSION

 A motion under Fed.R.Crim.P. 35 is directed to the discretion of the district court and will be reversed only for illegality or gross abuse of discretion. *United States v. Lewis,* 743 F.2d 1127, 1129 (5th Cir.1984). The district court may summarily deny a Rule 35 motion where the facts alleged fail to establish illegality or gross abuse of discretion. *Id.*

## A. PLACE OF CONFINEMENT

 Appellant contends that his sentence is illegal because it violates 18 U.S.C. § 4083, which provides, in pertinent part, that "[a] sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant." The maximum prison sentence for failure to file a federal income tax return is one year. 26 U.S.C. § 7203. Therefore, pursuant to 18 U.S.C. § 4083, one convicted for failure to file a federal income tax return cannot be sent to serve his sentence in a penitentiary unless he consents. *United States v. Kahl,* 583 F.2d 1351, 1355 (5th Cir.1978). However, appellant admits that he is presently confined in the minimum security federal prison camp at Big Spring, Texas. Therefore, appellant is not confined in a United States penitentiary within the meaning of section 4083, but in a distinct type of institution, a federal prison camp. *See* 28 C.F.R. § 500.1(d) (1984) (listing distinct types of institutions administered by Federal Bureau of Prisons); 28 C.F.R. § 503.1 to .6 (1984) (listing institutions administered by the Federal Bureau of Prisons by type). Therefore, confining appellant at a federal prison camp does not violate section 4083.

Appellant contends, however, that the purpose of the statute was to separate misdemeanants from felons during their period of incarceration, and that it is therefore violated by confining appellant, absent his consent, to a federal prison camp which houses both misdemeanants and felons. Appellant further contends that because the Bureau of Prisons does not maintain separate facilities for convicted misdemeanants, a halfway house would be "the only Federal Correctional Facility which might conform to the requirements of Title 18,

United States Code, Section 4083." Appellant cites us to *Williams v. Daggett*, 377 F.Supp. 1110, 1112 (D.Kan.1974) ("[T]he obvious purpose of 18 U.S.C.A. § 4083 is to separate misdemeanants from felons."), *disapproved on other grounds, Robinson v. McCune*, 536 F.2d 1340, 1342 (10th Cir. 1976).

However, neither appellant nor the *Williams* court cite any legislative history to support such a broad purpose for the statute. Rather, it would seem that the obvious purpose of the statute is more narrow and clearly stated in the statute itself—to prohibit confinement of misdemeanants in penitentiaries absent consent. The legislative history of the 1959 amendment to section 4083, which allowed persons convicted of offenses punishable by imprisonment for more than one year (felons, *see* 18 U.S.C. § 1(1)), but sentenced to less than one year, to be confined in a penitentiary when deemed desirable, supports this view. The statement of the House Report contemplates that some low-risk felons will be confined in correctional or prison camp institutions without violating section 4083:

> "The Department of Justice keeps Federal prisoners with short sentences in minimum custody camps or correctional institutions which are medium custody institutions. Some inmates, although convicted of felonies, can be retained in correctional or camp-type institutions ...."

House Report No. 934, 86th Cong. 1st Sess. [2] 1959 *reprinted in* 1959 U.S. Code & Ad.News 2315, 2316.

Since the purpose of section 4083, to prohibit confinement of misdemeanants to a penitentiary, is not violated by confining appellant to a federal prison camp, and, since Congress obviously contemplated that some low-risk felons would be confined to federal prison camps along with misdemeanants without violating the letter or purpose of section 4083, the district court did not abuse its discretion by sentencing appellant to confinement in a federal prison camp rather than a halfway house.

## B. EVIDENCE OF GUILT

Though appellant pleaded guilty to willful failure to timely file an income tax return for the calendar year 1979, on this appeal from the denial of his motion to correct or reduce his sentence, appellant contends that there was no evidence introduced in support of his guilty plea at the time he was sentenced, and that his 1979 income tax return was filed on November 24, 1980. A copy of this return along with the Internal Revenue Service acknowledgement of same was submitted with his motion to the district court. There is nothing in the record which suggests that this return was timely filed. Appellant contends that the district court abused its discretion by not correcting or reducing his sentence after receiving this evidence that he had not failed to file an income tax return for 1979. Evidently, appellant is arguing that he was not guilty of the offense for which he was convicted.

This Circuit has stated:

> "[A] Rule 35(a) motion is ordinarily restricted to securing correction of an illegal sentence, and it may not be used 'to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'" *United States v. Scott*, 688 F.2d 368, 369 (5th Cir.1982) (quoting *Hill v. United States*, 368 U.S. 424, 430 [82 S.Ct. 468, 472, 7 L.Ed.2d 417] (1962)).

Therefore, this is not a proper claim for review on appeal of a denial of a Rule 35 motion. As this Court went on to state in *Scott:*

> "[I]f [appellant] had any complaints as to his guilty plea cognizable on a direct appeal, he was entitled, but failed, to take a timely appeal from the original sentencing order .... Having failed to do so, he may not raise issues concerning the validity of his conviction on an appeal from the determination of his Rule 35(a) motion, which is limited in consideration to the illegality of the sentence and which cannot implicate claims of pre-sentence error." *Id.* at 370 (footnote omitted).

Furthermore, appellant entered a plea of guilty to the offense charged. "A plea of guilty knowingly, willingly, and vol-

untarily entered into waives non-jurisdictional defects that occurred prior to the plea" such that "this court is precluded from considering appellant's claims as to insufficiency of evidence ... if appellant's plea of guilty meets this standard of voluntariness." *United States v. Brice*, 565 F.2d 336, 337 (5th Cir.1977). Appellant admits that he "specifically plead guilty to failure to file an income tax return for calendar year 1979," and he makes and made no claim that this plea was not knowingly and voluntarily made.[1]

For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.

---

1. Appellant has filed a Rule 35 motion, not a section 2255 motion. Although under some circumstances a Rule 35 motion to reduce sentence may be construed as a 28 U.S.C. § 2255 motion to vacate a sentence, where the movant makes no such claims and seeks no such interpretation, the court need not so construe the motion. *United States v. Scott*, 688 F.2d 368, 370 n. 4 (5th Cir.1982); *United States v. Riffe*, 550 F.2d 1013, 1014 (5th Cir.), *cert. denied*, 434 U.S. 831, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977). Appellant has not requested that his sentence be withdrawn or overturned but has merely asked for an adjustment of his sentence.

However, even if appellant's motion were construed as a section 2255 motion, it is well settled that "[s]ection 2255 does not offer recourse to all who suffer trial errors" but "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981) (citations omitted). At least nonconstitutional claims which could have been raised by direct appeal may not be asserted in a collateral proceeding. *Id.* at 1035. We perceive no constitutional claim here.