UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

_____

No. 92-1610

_____


UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

CLIFFORD SINCLAIR

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(August 27, 1993)

Before WIENER, EMILIO GARZA, Circuit Judges, and LITTLE[*], District
Judge.

PER CURIAM:

Clifford Sinclair, a federal prisoner, has appealed from the

district court's denial of his motion to reduce his sentence, which

was filed pursuant to Rule 35 of the Federal Rules of Criminal

Procedure.  A district court's ruling under Rule 35 will be

reversed "only for illegality or gross abuse of discretion."[1]

_____

[*] District Judge of the Western District of Louisiana, sitting by
designation.

[1] We note that the appellant argues that the standard of review is "abuse
of discretion" rather than "gross abuse of discretion."  As authority for this
standard, the appellant cites United States v. Kirkland, 853 F.2d 1243 (5th Cir.
1988).  The Kirkland case states that the court will "examine only whether the
sentence was illegal or whether the district court abused its discretion."  Id.
at 1246.  As authority for this standard, the Kirkland court cites United States

United States v. Lewis, 743 F.2d 1127, 1129 (5th Cir. 1984) (quoting United States v. Sparrow, 673 F.2d 862, 864 (5th Cir. 1982)).  We have reviewed the record and considered the arguments presented, and we do not find that the district court grossly abused its discretion.

AFFIRMED.

---

v. Hayward, 762 F.2d 1226, 1228 (5th Cir. 1985).  The Hayward case provides that a district court's ruling on a motion under Rule 35 will be reversed "only for illegality or gross abuse of discretion."  Id. (cites omitted).  Therefore, the standard of review remains gross abuse of discretion.