**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-7372
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS

JOSE LUIS MARTINEZ

Defendant-Appellant.



_____

Appeal from the United States District Court
for the Southern District of Texas
(CR C-87-109-1)
_____

(April 8, 1994)

Before SMITH and BARKSDALE, Circuit Judges, and WALTER,[*] District
Judge.

JERRY E. SMITH, Circuit Judge:[**]


Jose Martinez appeals the district court's denial of his
motion to change the post-imprisonment portion of his sentence from
a special parole term to supervised release. Finding no error, we
affirm.

---

[*] District Judge of the Western District of Louisiana, sitting by
designation.

[**] Local Rule 47.5.1 provides: "The publication of opinions that have
no precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens
on the legal profession." Pursuant to that rule, the court has determined
that this opinion should not be published.

I.

Martinez pleaded guilty in April 1988 to possession with intent to distribute approximately fifteen kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). He received a sentence of four years' confinement, a four-year special parole term, and a special assessment of $50.

In February 1993, following his release from prison, Martinez's supervising probation officer issued a probable cause warrant for Martinez's arrest based upon a belief that Martinez had violated his parole. Martinez surrendered and was imprisoned in March 1993 for violating parole.

Martinez moved to correct his sentence, arguing that he should have received a term of supervised release under § 1002 of the Anti-Drug Abuse Act of 1986 ("ADAA"), and Gozlon-Peretz v. United States, 498 U.S. 395 (1991). The district court denied the motion as the statute under which Martinez was convicted, 21 U.S.C. § 841(b)(1)(D), was not governed by § 1002.

II.

Martinez argues that, under the reasoning of Gozlon-Peretz, § 1002 designates offenses under 21 U.S.C. § 841(b)(1)(D) as having supervised release. We review the motion to correct sentence under FED. R. CRIM. P. 35 for gross abuse of discretion. United States v. Hanyard, 762 F.2d 1226, 1228 (5th Cir. 1985).

The issue in this case is not the effective date of § 1002, see Gozlon-Peretz, 498 U.S. at 409, but whether the offense in this

2

case was designated as an offense requiring supervised release under § 1002.  We conclude that it was not.  Section 1002 redesignated § 841(b)(1)(C) as § 841(b)(1)(D) and amended § 841(b)(1)(A), (b)(1)(B), and (b)(1)(C) to reflect terms of supervised release instead of special parole.  The special parole term in § 841(b)(1)(D) remained unaffected until November 1, 1987, when it was amended by § 1004 of the ADAA.  Gozlon-Peretz, 498 U.S. at 406 n.10.  Since Martinez's offense occurred in March 1987, the district court correctly denied his motion to replace his special parole term with a term of supervised release.

AFFIRMED.