MEMORANDUM OPINION

COHILL, District Judge.
Presently before this Court is defendant’s Petition for Resentencing requesting the Court to modify his sentence by revoking the term of special parole imposed at Counts III and V of the indictment.

Background

On May 8, 1992, defendant was found guilty at Counts I and II of violations of the Mann Act (18 U.S.C. §§ 2421-2423) and at Counts III and V of possession with intent to distribute small amounts of marijuana and crystal methamphetamine (21 U.S.C. § 841(a)(1)).
On June 25, 1992, we sentenced him to 60 months on Count I and three consecutive 5-year terms on the remaining three counts. Count I fell under the United States Sentencing Guidelines but Counts II, III and V were non-guidelines offenses. In addition to a total of twenty years imprisonment, defendant received a fine ($50,000), a special assessment fee ($200), a three-year “special parole” term under Counts II, III and V and a 3-year term of “supervised release” under Count I.
On July 29 1994, we granted defendant’s Motion for Reduction of Sentence, converting his three consecutive 5-year terms of imprisonment to concurrent terms. Effectively, we reduced his sentence from 20 to 10 years imprisonment. The remainder of his original sentence was unchanged.
Defendant now requests that we eliminate the special parole term imposed at Counts II, III and V. In so doing, he relies upon the Supreme Court’s decision in Gozlon-Peretz v. United States, 498 U.S. 395, 111 S.Ct. 840, *423 112 L.Ed.2d 919 (1991). The Gozlon-Peretz decision, however, does not apply to the facts in this case.

Discussion

The issue before us involves the legislative transition from the use of special parole for post-confinement monitoring to the use of supervised release. Due to the various pieces of legislation involved and the varying effective dates within and among this legislation, the transition has been “grotesquely complicated.” Fowler v. Parole Commission, 94 F.3d 835, 837 n. 2 (3d Cir.1996) (quoting United States v. O’Neil, 11 F.3d 292, 298 n. 5 (1st Cir.1993)). In addressing various issues, the courts have already exhaustively traced the legislative history of this transition. See Gozlon-Peretz, 498 U.S. at 399-403, 111 S.Ct. at 843-846; United States v. Paiz, 905 F.2d 1014, 1028-1031 (7th Cir. 1990), cert. denied, 499 U.S. 924, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991), rehearing denied, 500 U.S. 962, 111 S.Ct. 2278, 114 L.Ed.2d 729 (1991); United States v. Ferryman, 897 F.2d 584, 586-587 (1st Cir.1990). It would be torturously redundant to recite it at length here.
Instead, we point out that defendant, David Hayes, was sentenced under 21 U.S.C. § 841(b)(1)(D) (§ 841(b)’ of the Controlled Substance Act, Pub.L. 91-513, Title II, 401(b), 84 Stat. 1260 as redesignated by the Comprehensive Crime Control Act of 1984, Pub.L. 98-473, Tit. II, 98 Stat. 1976 and the Anti-Drug Abuse Act of 1986, Pub.L. 99-570, Tit. 1, 100 Stat. 3207-6 (“ADAA”)) for possession of small quantities of marijuana and crystal methamphetamine. The initial amendments to the drug enforcement provisions of the code removed the requirement of special parole for large quantity offenses but not for crimes involving smaller amounts. Gozlon-Peretz, 498 U.S. at 400, 405, 111 S.Ct. at 844, 847 (citing the Controlled Substance Penalties Amendment Act Pub.L. 98-473, Tit. II, ch V, 98 Stat. 2068). Subsequent revisions contained in the Sentencing Reform Act of 1984, Pub.L. 98-473, Tit. II, ch. II, 98 Stat. 1987, deleted all references to special parole, but those revisions did not become effective until November 1, 1987. Gozlom-Peretz, 498 U.S. at 400 n. 4, 111 S.Ct. at 844 n. 4 (citing the Sentencing Reform Amendments Act of 1985, Pub.L. 99-217, § 4, 99 Stat. 1728). The Congress passed further revisions of the drug enforcement provisions of the Code in the ADAA. Section 1002 of the ADAA mandated terms of supervised release for large quantity offenses (see § 841(b)(1)(A), (b)(1)(B) and (b)(1)(c)).
In Gozlon-Peretz, the Supreme Court held that § 1002 became effective on October 27, 1987 the date it was enacted. 498 U.S. at 398, 403, 111 S.Ct. at 843, 846. While the issue of § 841(b)(1)(D) offenses was not before the Court in Gozlorir-Peretz, in its analysis the Court noted that the § 1002 penalty provisions addressed large-scale offenses only. 498 U.S. at 401, 111 S.Ct. at 844-845. “The penalties for other drug offenses remained mostly unchanged, including mandatory special parole for offenses involving relatively small amounts of marijuana and hashish.” 498 U.S. at 402, 111 S.Ct. at 845 (citing §§ 841(b)(1)(D), (b)(2) and (b)(3)).
Section 841(b)(1)(D), the relevant section in the Petition presently before this Court, retained the mandatory special parole term until November 1, 1987, the effective date of the general changeover provisions in § 1004 of the ADAA. United States v. Martinez, 19 F.3d 910, 911 (5th Cir.1994) (citing Gozlon-Peretz, 498 U.S. at 406 n. 10, 111 S.Ct. at 848 n. 10). ADAA § 1004 amended those provisions of the Controlled Substance Act that retained the mandatory special parole term language to reflect the new supervised release provisions enacted elsewhere. Gozlon-Peretz, 498 U.S. at 406-407, 111 S.Ct. at 847-848. While § 1002 became effective upon its enactment, § 1004 contained express language delaying its effective date until November 1,1987. Id.
David Hayes was convicted of possessing small amounts of marijuana and crystal methamphetamine “in and around October, 1986” under Count III and “on or about October 31, 1986” under Count V. At those Counts, he was sentenced under § 841(b)(1)(D) which contained a mandatory term of special parole for all crimes committed prior to November 1,1987. Consequently this Court properly sentenced him to a term of special parole.
*424 Since Mr. Hayes’ offenses fell within a window of time when both special parole and supervised release applied, he finds himself in the rather unique situation of being subject to both. We note that “special parole and supervised release are closely related mechanisms for post-release supervision of federal offenders.” United States v. Gozlon-Peretz, 894 F.2d 1402, 1404 (3d Cir.1990), aff'd 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). There is no issue raised here seeking to have the Court determine which provision controls in the event of conflict.
For purposes of clarification, we now state that it is the Court’s intent that the 3-year term of special parole and the 3-year term of supervised release run concurrently. No one raised this issue until now, and it is doubtful that this problem occurred to the Court at time of sentencing. In other words, the Court intended that, by whatever mechanism, defendant Hayes should be subject to three years of post-release supervision.
For the reasons stated, the defendant’s Petition for Resentencing must be denied as presented. However, for purposes of clarification, the Court will enter an order stating that the terms of special parole and supervised release imposed at the time of sentencing were meant to run concurrently.