IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30663
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MERRICK JOSEPH YOUNG

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-60022-1
--------------------
January 9, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Merrick Joseph Young (federal prisoner #09590-035) appeals the district court's summary denial of his motion for leave to file an out-of-time direct criminal appeal.  He argues that he is entitled to an out-of-time direct criminal appeal due to his attorney's ineffectiveness in failing "to consult with him about taking an appeal and the time limitations thereto" and that the district court, in the very least, should have held an evidentiary hearing on his claim.

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rule of Appellate Procedure 4(b)(4) authorizes a district court, upon a showing of good cause or excusable neglect, to extend the time to file a notice of appeal for up to 30 days following the expiration of the initial 10-day appeals period. Young's motion for leave to file an out-of-time appeal, however, was filed well beyond that time frame. Given the nature of Young's claim, the Government maintains that Young's motion is actually a 28 U.S.C. § 2255 motion, which would necessitate a ruling in the district court about whether a certificate of appealability should issue. See United States v. West, 240 F.3d 456, 459 (5th Cir. 2001); United States v. Youngblood, 116 F.3d 1113, 1114-15 (5th Cir. 1997). In his reply brief, Young opposes the recharacterization of his motion as a § 2255 motion due to the potential adverse consequences that could result under the successive provisions of the Antiterrorism and Effective Death Penalty Act.

There is no indication that the district court construed Young's motion as a § 2255 motion. Moreover, given Young's argument in his reply brief, there is no need for this court to construe his motion in that fashion. See United States v. Hanyard, 762 F.2d 1226, 1230 n.1 (5th Cir. 1985). Without such a construction, however, Young's motion is nothing more than an unauthorized motion. See FED. R. APP. P. 4(b)(4). Accordingly, the district court's denial of the motion is AFFIRMED. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

AFFIRMED.