United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50896
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PABLO VANCHAIK-MOLINAR,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2762-ALL
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Vanchaik-Molinar (Vanchaik) appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. He first argues that, because his fraudulently obtained visa had not been revoked at the time he presented it, he did not illegally reenter the United States.

Vanchaik frames his argument as a challenge to the sufficiency of the evidence. A voluntary guilty plea waives all

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence.  See United States v. Hanyard, 762 F.2d 1226, 1229-30 (5th Cir. 1985).  Accordingly, the argument is waived and the conviction is affirmed.

Vanchaik also argues that his 51-month sentence was unreasonable because he returned to the United States only to shop and he had no intention to remain.  This court reviews post-Booker sentences for reasonableness.  United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  The district court sentenced Vanchaik within a properly calculated guideline range.  As such, we infer that the court considered all the factors for a fair sentence set forth in the Guidelines and presume, absent rebuttal, that Vanchaik's sentence was reasonable.  See Mares, 402 F.3d at 519; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Accordingly, we also affirm Vanchaik's sentence.

AFFIRMED.