UNITED STATES of America, Appellee,

v.

Hershey MOSS, Appellant.

No. 80-1208.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1980.

Decided Oct. 6, 1980.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., for appellee.

David C. Godfrey, Clayton, Mo., for appellant.

Before HENLEY and McMILLIAN, Circuit Judges, and BECKER,* Senior District Judge.

PER CURIAM.

Appellant Hershey Moss appeals from an order of the district court[1] sentencing him to a twenty–year term of imprisonment and five years probation. Appellant urges that the district court abused its discretion by imposing consecutive sentences for multiple mail/wire fraud offenses arising out of a single scheme, that the duration of the sentence was so disproportionate to the crime as to constitute cruel and unusual punishment violative of the eighth amendment, and that the district court violated appellant's fifth amendment rights to due process and equal protection by failing to reduce the sentence in light of appellant's remorse and rehabilitation. We affirm.

This is the third time this case has been before this court. Appellant originally was convicted of one count of conspiracy to kidnap for the purpose of committing murder, seven counts of mail fraud and eleven counts of wire fraud. Appellant was sentenced to life imprisonment on the conspiracy count and on the fraud counts he was sentenced to serve thirty–six years concurrently to the life sentence.[2] This court reversed the conspiracy conviction and remanded, holding that "[b]ecause the life sentence has been set aside, the propriety of consecutive sentences for separate mail fraud offenses arising out of essentially a single scheme should be reconsidered by the district court in a Rule 35 proceeding."

United States v. Moss, 591 F.2d 428, 438 (8th Cir. 1979).

■ On remand the district court entered an ambiguously worded sentence, and we remanded once more for clarification. United States v. Moss, 614 F.2d 171 (8th Cir. 1980). The district court had indicated, however, that the aggregate sentence would be twenty years with five years probation, including consecutive sentences on some of the fraud counts.[3] This court stated:

Although this court has recommended use of concurrent terms of imprisonment for mail fraud convictions when a multiple count indictment involves a single scheme or course of conduct, we nonetheless have refused to hold that imposition of consecutive sentences, even when each of the separate offenses arose from a single concerted plan to defraud, constituted an abuse of discretion. As we stated in United States v. Calvert, 523 F.2d 895 (8th Cir. 1975), cert. denied, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976):

The defendant's final contention is that the forty–five–year sentence imposed by the court was excessive. He urges that, since he was convicted of only one scheme or course of conduct, the sentence should be vacated and remanded with instructions to the court to resentence the defendant to a total term not in excess of the five–year maximum for violation of the mail or wire fraud statutes. This contention is utterly without merit.

It is well settled that each use of the mails is a separate offense under the

---

* The Honorable William H. Becker, United States Senior District Judge for the Western District of Missiouri, sitting by designation.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. The thirty–six–year sentence consisted of eighteen two–year sentences on the fraud counts, each two–year sentence to be served consecutively.

3. Appellant was sentenced to two years imprisonment on convictions for each of the seven counts of mail fraud, the sentences to run concurrently. On convictions for each of ten counts of wire fraud, appellant received a two–year sentence. One of these sentences was to be served concurrently to the mail fraud convictions; the remaining nine two–year sentences were to be served consecutively. On an eleventh conviction for wire fraud appellant received a five–year probation term. The total sentence, therefore, was twenty years imprisonment with five years probation.

mail fraud statute, notwithstanding the fact that the defendant may have been engaged in one fraudulent scheme. The same is true of the use of wires under the wire fraud statute. . . . The defendant was convicted of twelve counts, each of which carried a maximum possible punishment of five years imprisonment. Hence, his forty–five–year sentence was well within the statutory maximum.

*Id.* at 913–14 (citations omitted).

*See also United States v. Dace,* 502 F.2d 897, 898–99 (8th Cir. 1974) (Lay, J., dissenting), *cert. denied,* 419 U.S. 1121, 95 S.Ct. 803, 42 L.Ed.2d 820 (1975). We hold Moss's sentence, if otherwise valid, is not illegal as excessive.

*Id.* at 174. The district court then resentenced appellant to an aggregate of twenty years with five years probation.

The language quoted above from the second appellate opinion of this case is dispositive of appellant's contentions that the sentence by virtue of its length amounted to an abuse of discretion or cruel and unusual punishment. *See also Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Appellant's contention that the district court failed to reduce the sentence in light of appellant's remorse and rehabilitation is also unfounded. The district court noted those factors in sentencing appellant. There is no violation of due process or equal protection when the district court gives weight to other legitimate factors such as deterrence of future crimes, isolation of the offender from society and "accountability of an individual for his antisocial deeds," *Powell v. Texas,* 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968) (opinion of Marshall, J.) (footnote omitted), recognized in other contexts under the common law. *See generally* A. CAMPBELL, LAW OF SENTENCING §§ 5–7 (1978). Appellant's claim is not that the sentence was based on some impermissible factor, but that the trial court did not give as much weight as appellant wished to factors considered by appellant to be favorable. We do not hesitate to find this claim baseless.

Accordingly, the judgment of the district court is affirmed.