UNITED STATES of America, Appellee,

v.

**Theodore Robert BEDROSIAN,
Appellant.**

**No. 80–1730.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1980.

Decided Oct. 14, 1980.

Theodore Bedrosian, pro se.

Robert D. Kingsland, U. S. Atty., and Larry D. Hale, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Defendant appeals from denial of his motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. We affirm the denial.

Defendant pleaded guilty to knowingly and willfully obstructing the passage of the mail by diverting a $500 check mailed to another, in violation of 18 U.S.C. § 1701. He was sentenced to a $100 fine and six months imprisonment by judgment entered May 21, 1980. On June 13, he filed a motion for reduction of sentence. The basis of his Rule 35 motion was that his pregnant fiancee needed him. On July 3, defendant filed a notice of appeal in which he stated, "I have received a copy of the court's denial on my Rule 35." The Rule 35 motion was in fact denied by memorandum and order filed July 11, 1980.

 If the appeal had been from the judgment of conviction, it would not have been timely under Rule 4(b) of the Federal Rules of Appellate Procedure. It is clear, however, that defendant intended to appeal the denial of the Rule 35 motion. In civil cases, a premature notice of appeal is not effective; but, in criminal cases, Rule 4(b) provides:

> A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

Therefore, we have treated his notice as timely and have considered this appeal on the merits.

Whether to grant a motion for reduction of sentence is within the discretion of the district court. *See* 8A MOORE'S FEDERAL PRACTICE ¶ 3502(4) (1980). The denial of this motion was well within the discretionary power of the court.

Upon careful consideration of the record, the court on its own motion dismisses the appeal. See Rule 9.

It is so ordered.