**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Lee SCOTT, Defendant-Appellant.**

**No. 81–1309**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 5, 1982.

Mark Withrow, Midland, Tex. (Court-appointed), for defendant-appellant.

Joseph Casseb, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Paul Lee Scott pleaded guilty to violating 21 U.S.C. § 846. He was sentenced to a prison term of five years and a special parole term of ten years on January 30, 1980. On June 16, the Supreme Court held in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), that a special parole term cannot be imposed for a

violation of 21 U.S.C. § 846. On July 21, Scott filed a *pro se* motion asking the court to "eliminate this illegal sentence of special parole." *See* Fed.R.Crim.P. 35(a). Rather than simply granting Scott's motion and vacating the special parole term, *see Bifulco*, 447 U.S. at 400, 100 S.Ct. at 2259, the district court recited in its July 22 order that defendant's prior sentence should be "vacated and set aside," and that Scott should be "resentenced" to five years of imprisonment. While it is clear that the district court was merely attempting to conform Scott's sentence to the Supreme Court's decision in *Bifulco*, its unfortunate choice of words resulted in subsequent proceedings and one of the primary issues in this appeal.

On November 17, 1980, Scott, *pro se*, filed what he styled a "motion for habeas corpus," claiming that he had been resentenced *in absentia* in violation of Fed.R.Crim.P. 43(a). On February 17, 1981, the district court referred Scott's claims to a magistrate. After taking submissions from both sides, the magistrate recommended on June 8 that the court resentence Scott in his presence. On June 24, the district court held a hearing and again sentenced Scott to a prison term of five years, amending its prior judgment "nunc pro tunc January 30, 1980."

Scott appeals from this amended judgment, arguing that the delay between his conviction and resentencing violated his right to a speedy trial, that his original plea should be set aside because the court misinformed him of the maximum sentence for his crime, and that the presentence report prepared for his resentencing was inadequate. Scott has never raised any of these arguments in the district court.

We dismiss for lack of jurisdiction *sua sponte.*

Although Scott styled his November 17, 1980 request for resentencing as a "habeas corpus motion," Scott's appointed attorney says that this appeal is a direct appeal from the final judgment in the criminal proceeding. The government agrees.

■ If this were an appeal from a habeas corpus proceeding, *see* 28 U.S.C. §§ 2241, 2255, we would affirm summarily. Scott's brief raises no issue that would be cognizable on such an appeal. None of the points he raises here were raised in his "habeas corpus motion" nor in any of the subsequent proceedings in the district court. On appeal from habeas corpus proceedings, we do not consider issues not raised in the district court. *E.g., Miller v. Turner*, 658 F.2d 348, 350 (5th Cir. 1981); *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. 1981).

■ If this is a direct appeal from Scott's criminal proceeding, however, then we have no jurisdiction. The district court entered its amended judgment and sentencing order on June 24, 1981. Under Fed.R.App.P. 4(b), Scott had 10 days to appeal. This rule would apply whether the district court's judgment and order were conceived as a final judgment in the criminal prosecution, or an order entered on a motion under Fed.R.Crim.P. 35.[1] *See United States v. Guiterrez*, 556 F.2d 1217 (5th Cir. 1977). Since Scott's notice of appeal was not filed until July 7, 1981, it was untimely.[2]

We therefore remand this case to the district court to determine whether "excusable neglect" entitles Scott to an extension of the time for appeal, Fed.R.App.P. 4(b); *see Guiterrez*, 556 F.2d at 1218, or whether Scott is entitled to appeal under the doctrine of *Fallen v. United States*, 378 U.S.

---

1. For an explanation why this appeal might be an appeal from a Rule 35 proceeding, see note 3.

2. The last day of the 10 day period after Wednesday, June 24 was Saturday, July 4. Under Fed.R.App.P. 26(a), if the last day is a Saturday, Sunday, or legal holiday, then "the period extends to the next day which is not a Saturday, a Sunday, or a legal holiday." Our research has uncovered no federal, Texas, or Louisiana law or executive order proclaiming Monday, July 6, a legal holiday. As a matter of federal law, Independence Day was celebrated on July 3, 1981. Exec.Order No. 11582, § 4(b), 36 Fed.Reg. 2957 (1971), *reprinted in note following* 5 U.S.C. § 6103. Thus, July 6 was the last day for Scott to file his notice of appeal.

139, 144, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964), allowing an appeal when a prisoner has "done all that could reasonably be expected to get [his notice of appeal] to its destination within the required 10 days." *See generally* 9 Moore's Federal Practice ¶ 204.16, at 4–125 to –126 (1980) (1966 addition of "excusable neglect" provision to Rule 4(b) may have absorbed the *Fallen* inquiry). In this connection, we note that Scott's "certificate of service" recites that he gave a copy of the notice of appeal, to be served on the United States Attorney, to the mail room officer at the Big Spring penitentiary on July 1. The certificate gives no indication of when he submitted the original notice for mailing to the district court. Whenever he submitted it, however, the district court in nearby Midland-Odessa did not file the notice until July 7.

If the district court determines that Scott should be permitted to appeal, we think that the parties should submit supplemental briefs explaining the procedural posture of this case and the authority by which this court has plenary jurisdiction (as the parties seem to assume) to review Scott's conviction.[3] The time to appeal Scott's original conviction and sentence has long since passed. Our research has uncovered no case holding that we may review the question whether a plea was knowingly and intelligently made on an appeal from a resentencing order. Instead, we have found several indications to the contrary. *See, e.g., Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 556 (1962) (a Rule 35(a) motion to correct an illegal sentence is not the proper procedure "to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence"); *United States v. Riffe*, 550 F.2d 1013 (5th Cir.) (prisoner who moved to have sentence reduced under Rule 35 was not entitled to attack his plea on appeal when he failed to raise the issue in the district court), *cert. denied*, 434 U.S. 831, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977). Similarly, the parties should address the question whether we have jurisdiction to review Scott's speedy trial claim, or whether that claim should first be heard by the district court in a proceeding under 28 U.S.C. § 2255. Finally, the parties should address the question whether Scott has waived any complaint about the presentence report by not raising the issue at his resentencing hearing.

DISMISSED.

---

**3.** It may be that Scott's *pro se* "habeas corpus" pleading should be construed as a motion under Rule 35(a) to "correct a sentence imposed in an illegal manner." A Rule 35 motion is a proceeding in the original criminal prosecution. *Guiterrez*, 556 F.2d at 1217. Scott's November 17, 1980 motion was filed just within the 120 day period following the district court's resentencing order of July 22. Rule 35(a) provides that the court "may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence"; Rule 35(b) provides that "[t]he court may reduce a sentence within 120 days after the sentence is imposed." *Filing* within the 120 day period, however, may not always satisfy the Rule; read literally, the Rule imposes a 120 day limitation on the action of the court. We have held that, "if a motion to reduce sentence is properly filed within the 120 days required by the statute [*sic*], the district court retains jurisdiction for a reasonable time after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period." *United States v. Mendoza*, 581 F.2d 89, 90 (5th Cir. 1978) (en banc). Assuming that the *Mendoza* rule applies to motions to correct a sentence imposed in an illegal manner, and that "a reasonable time" did not elapse prior to the district court's resentencing order, then the resentencing order may be considered an order entered in the original criminal proceeding.

If the court's order was *not* a Rule 35 order, however, we question whether the order can be anything other than a § 2255 order. The parties have made us aware of no procedural mechanism other than Rule 35 by which the district court could resentence Scott in the original proceeding. Section 2255, however, authorizes the district court to resentence the prisoner in a collateral proceeding. If the district court's order was a § 2255 order, then there is nothing for us to review, since none of Scott's points on appeal was raised in his "habeas motion."