UNITED STATES of America, Appellee,

v.

Kenneth D. BARNEY, Appellant.

No. 82–2151.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 27, 1982.

Decided Nov. 1, 1982.

Kenneth D. Barney, Hill City, S.D., for appellant.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Kenneth Barney was convicted on four counts of willful failure to file income tax returns for the tax years 1975, 1976, 1977, and 1978. He was sentenced to one year on each of counts III and IV to run consecutively. He received six-month sentences on counts I and II to run concurrently; these sentences were suspended. As additional terms of his sentence, Barney is to be placed on two years probation after serving the two years sentence imposed on counts III and IV. Barney's conviction was affirmed by this court. *United States v. Barney*, 679 F.2d 729 (8th Cir. 1982).

Barney filed a timely motion with the district court under Fed.R.Crim.P. 35 for a reduction in sentence. That motion was denied on July 12, 1982. On September 1, Barney filed a motion for immediate consideration of motion for reduction of sentence.[1] On the same day, September 1, the district court denied this motion on the grounds that it had already been decided. Barney filed a *pro se* notice of appeal from both the July 12 order and the September 1 order on September 16. Also on September 16, Barney filed a "motion to reverse judg-

trict court's July 12 denial.

ment due to jurisdictional defect" with the district court. These motions were denied by the district court on September 24, and Barney filed a notice of appeal on October 7.

Barney's appeals from the July 12 and September 1 denials of his Rule 35 motion are untimely. Fed.R.App.P. 4(b) requires that in criminal cases notice of appeal shall be filed within ten days after the entry of the order appealed from. Rule 4(b) applies to appeals taken from denials of Rule 35 motions. *United States v. Scott,* 672 F.2d 454, 455 (5th Cir. 1982); *United States v. Bedrosian,* 631 F.2d 582, 583 (8th Cir. 1980); see *Hixon v. United States,* 268 F.2d 667, 668 (10th Cir. 1959). The September 16 appeal was made sixty-six days after the July 12 order and fifteen days after the September 1 order. The appeals from these orders are thus clearly untimely.

The appeal taken from the two jurisdictional motions was filed eleven days after the September 24 order. We read these motions to be motions to arrest judgment for lack of jurisdiction pursuant to Fed.R. Crim.P. 34. The motions were not timely filed with the district court under this rule, which requires that such a motion be filed within seven days after a verdict. Further, an appeal from a Rule 34 denial is expressly covered by Fed.R.App.P. 4(b)'s ten-day timetable, and thus the appeal to this court is untimely.

Because the appeals were not timely filed, the appeals are dismissed for lack of jurisdiction pursuant to 8th Cir. R. 12(a).