791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
DANIEL B. SIMS, Defendant-Appellant.
 85-1746
 United States Court of Appeals, Sixth Circuit.
 4/14/86
 
 AFFIRMED
 W.D.Mich.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 Defendant appeals the order denying his motion for correction of sentence brought under Rule 35, Federal Rules of Criminal Procedure. The case has been referred to a panel of the court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Defendant was convicted of thirteen counts of mail fraud in violation of 18 U.S.C. Sec. 1341. He was sentenced to five years on each of the first five counts, to run consecutively, and five years on each of the remaining eight counts, to run concurrently with each other and the sentences in the first five counts, or twenty-five years total. His conviction was affirmed by this court. United States v. Sims, 755 F.2d 1239 (6th Cir. 1985). The Supreme Court denied certiorari. Defendant then filed this action under Criminal Rule 35 claiming that his consecutive sentences were illegal because the thirteen counts were all part of a single fraudulent scheme. On August 7, 1985, the district court denied the petition on the grounds that consecutive sentences for multiple counts of mail fraud are legal. Defendant filed a notice of appeal on August 19, 1985.
 
 
 3
 The United States argues in its brief that the appeal should be dismissed as untimely filed. The notice of appeal in a Crim. R. 35 action must be filed within 10 days after entry of judgment. United States v. Barney, 691 F.2d 855 (8th Cir. 1982); United States v. Scott, 672 F.2d 454 (5th Cir. 1982); see Fed. R. App. P. 4(b). The notice of appeal was filed on August 19, 1985, twelve days after the August 7 judgment. However, August 17 and 18 fell on Saturday and Sunday and were excluded in computing the time for appeal. See Fed. R. App. P. 26(a). Therefore, the notice of appeal filed August 19 was timely.
 
 
 4
 Crim. R. 35 provides that the court may correct an illegal sentence or a sentence imposed in an illegal manner. Defendant claims that his sentence is illegal because Congress did not intend that consecutive sentences be imposed for multiple mail fraud counts in furtherance of a single fraudulent scheme. He also argues that the courts have usurped the legislative function by allowing consecutive sentences to be i posed for multiple counts of mail fraud. Multiple sentences can be imposed if the acts punished were intended by the legislature to constitute separate offenses. See Ohio v. Johnson, 467 U.S. 493 (1984); Albernaz v. United States, 450 U.S. 333 (1981). Multiple sentences can be imposed for separate acts in violation of a single statute. See United States v. Faymore, 736 F.2d 328 (6th Cir.), cert. denied ---- U.S. ----, 105 S.Ct. 213 (1984). It is well settled that each mailing in a single fraudulent scheme constitutes a separate offense under Sec. 1341 and consecutive sentences can be imposed. See Badders v. United States, 240 U.S. 391 (1916); United States v. Stull, 743 F.2d 439 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 1779 (1985); United States v. Shaid, 730 F.2d 225 (5th Cir.) cert. denied, ---- U.S. ----, 105 S.Ct. 151 (1984); United States v. Shelton, 669 F.2d 446 (7th Cir.), cert. denied, 456 U.S. 934 (1982); United States v. Moss, 631 F.2d 105 (8th Cir. 1980). Defendant's consecutive sentences were legal and the district court properly denied the motion.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).