810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Louis CAPPS, Defendant-Appellant.
 No. 86-5186.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Capps, was convicted by a jury in 1984 of conspiracy to distribute and possession with intent to distribute 20,000 pounds of marijuana and possession with intent to distribute 2,000 pounds of marijuana. Capps was sentenced by the district judge who presided over the trial--the Honorable Bernard T. Moynahan, Jr. Capps received two 14-year concurrent sentences and fines totaling $100,000.
 
 
 2
 After an unsuccessful appeal Capps filed a timely motion pursuant to Fed.R.Crim.P. 35 for a reduction of sentence. During the time that the defendant's conviction was under appeal, Judge Moynahan retired. The Rule 35 motion was assigned to Judge William Bertelsman who denied the motion. Subsequently Capps filed a pleading styled "Motion to Reconsider F.R.Cr.P. 35 Motion Because of Error Under F.R.Cr.P. 36." Judge Bertelsman denied this motion on jurisdictional grounds and it is from this denial that defendant appeals. Upon a review of the proceedings below, we affirm the district court.
 
 I.
 
 3
 Capps was originally indicted along with a codefendant, Paul Hinson. There were also companion indictments in Texas involving a marijuana importation distribution scheme. Hinson pled guilty to one count and received a sentence of 14 years imprisonment and a $50,000 fine--the same sentence in essence that Capps was to receive. Hinson also filed a Rule 35 motion which was assigned to the Honorable Henry Wilhoit. Judge Wilhoit granted the Rule 35 motion in part and reduced Hinson's sentence to 30 months.[1] Although Capps advances a number of legal arguments in the appeal, it is obviously the fact that Hinson's sentence was reduced and his was not that is the burr under the saddle.
 
 II.
 
 4
 Defendant first argues that since Judge Wilhoit succeeded Judge Moynahan that it was improper for this case to be assigned to Judge Bertelsman. We are cited to no authority for this proposition, nor can we find any.[2] Each district is empowered to reassign cases formerly handled by a departed judge as is deemed appropriate. Although this court can exercise a certain degree of supervisory control over district courts within the circuit, there is nothing presented here which would indicate any abuse of discretion in handling this matter below.
 
 III.
 
 5
 Defendant also argues that there was sentencing disparity here sufficient to invoke review and action by this court. The problem with this argument, and the cases offered in its support, is that the sentences imposed on Hinson and defendant were sentences identical for all practical purposes. Also, they were imposed by the trial judge. Any disparity that exists here is sentence reduction disparity between two different judges neither of whom was the original sentencing judge. Under such circumstances, it is as logical to argue that the judge who reduced a sentence abused his discretion as it is to argue that the judge who refused a reduction abused his discretion. We do not intercede merely to provide sentencing reduction symmetry. Due process makes no such requirement.
 
 
 6
 Apart from the disparity argument we also conclude that Judge Bertelsman acted within a proper range of discretion in refusing to reduce Capps' sentence. Capps was involved in a major marijuana importation and distribution conspiracy and had a prior criminal record. Judge Bertelsman was aware that Judge Moynahan, who imposed the original sentence, presided over the trial and had greater familiarity with the facts than did he. Under such circumstances it would normally take exceptional circumstances for a judge other than the sentencing judge to reduce a sentence. All defendant offered in support of his original motion was a contrition and a family hardship argument. These are hardly exceptional circumstances.
 
 IV.
 
 7
 The parties spend considerable time arguing but never really join issue on the matter of defendant's "reconsideration" motion. There is considerable confusion between the issue of the timeliness of the motion and the issues of the jurisdiction of the court to entertain the motion.
 
 
 8
 There is no specific provision in either the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure for motions for reconsideration. Such motions are generally provided for, if at all, by local rules. Our review of the local rules for the Eastern District of Kentucky indicates that the question of motions for reconsideration is not specifically addressed. Callaghan & Co., Federal Local Court Rules (Ky. Page 59, 12-85). Where local rules do address the question of reconsiderations they usually provide for a relatively short time period such as 10 days for filing such motions. Here the motion for reconsideration was promptly filed and no one questioned the timeliness or the propriety of a motion for reconsideration as such.
 
 
 9
 The government argues, however, that this was not really a motion for reconsideration but actually a new Rule 35 motion alleging grounds totally different than those contained in the original motion. We agree. The original motion relied on hardship. The "reconsideration" motion alleged sentence disparity, and cooperation with government agents. Since this new motion was filed well outside the jurisdictional 120-day time limit set by Rule 35, the district court had no jurisdiction to consider this second Rule 35 motion. United States v. Fields, 730 F.2d 460 (6th Cir.1984).
 
 IV.
 
 10
 Lastly, we note that defendant failed to file a timely appeal from the denial of his original Rule 35 motion.
 
 
 11
 Fed.R.App.P. 4(b) requires that in criminal cases notice of appeal shall be filed within 10 days after the entry of the order appealed from. Rule 4(b) applies to appeals taken from denials of Rule 35 motions.
 
 
 12
 United States v. Barney, 691 F.2d 855, 856 (8th Cir.1982) (citations omitted). Defendant attempts to avoid this rule by arguing that his motion for reconsideration was actually a motion filed pursuant to Fed.R.Crim.P. 36 to correct an error. Rule 36 reads in its entirety as follows:
 
 
 13
 Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
 
 
 14
 The "errors" claimed by defendant are that his "case [was] incorrectly split from his Co-Defendant's case in midstream" and the fact that "Counsel for Appellant never received notice of any reassignment." (Appellant's brief at 9.) Defendant cites no authority for the proposition that these are the types of errors contemplated by Rule 36 much less any authority for the proposition that these are errors at all. It is clear that the rule relating to the corrections of clerical mistakes was not intended to allow reassessment of the merits of an earlier decision after the time for appeal has elapsed. United States v. Jones, 608 F.2d 386 (9th Cir.1979).
 
 
 15
 Finding no merit to any of appellant's arguments, we AFFIRM.
 
 
 
 [1]
 Although appellant's brief states the reduction was to 30 months, in appellant's motions for reconsideration he indicated the reduction was to 32 months. Under the parole guidelines, Hinson, depending on his past record, if any, would have been released substantially before he served the 14 years in any event
 
 
 [2]
 Defendant also argues without support, and for the first time on appeal, that it was a clerical error that resulted in Judge Bertelsman being assigned this case