875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. WILLIAMS, Defendant-Appellant.
 No. 88-1256.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges; and HORTON, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Robert Jewell Williams, appeals his conviction following a guilty plea to two counts of a nine-count indictment brought pursuant to 18 U.S.C. Sec. 1343 (1982). For the following reasons, we affirm.
 
 I.
 
 2
 On October 31, November 6 and November 8, 1987, Williams committed several acts which violated 18 U.S.C. Sec. 1343. Specifically, Williams contacted authorized sellers of Bank of America (BA) travelers checks and told the seller that he was an employee of BA. He asked the seller to verify the serial numbers of the BA travelers checks which were currently in the seller's inventory of unsold travelers checks. Upon obtaining the numbers, Williams telephoned the BA customer service department and claimed that he "lost" the travelers checks which carried those numbers. The BA agent then telephoned a Western Union office to arrange to reimburse Williams for his "loss." Thereafter, Williams went to the Western Union office where an employee of that office telephoned BA to verify that they were authorized to reimburse Williams for the amount of the "lost" checks. The amount of each "loss" was $200.00.
 
 
 3
 As a result of this scheme, Williams was indicted on nine counts of wire fraud, i.e., one count for each telephone call involved in the three transactions. Williams pled guilty to two counts of the indictment which related to the October 31, 1987 fraud. Williams claims that he pled guilty to those counts because his attorney advised him that a guilty plea to offenses which pre-dated the effective date of the federal sentencing guidelines (November 1, 1987) would result in a less severe sentence. Williams's attorney states that his advice to Williams was based on unverified assertions which the United States Attorney involved in this case allegedly made to him.
 
 
 4
 Williams originally rejected a plea bargaining agreement which provided that the maximum term of imprisonment would not exceed eight years. He ultimately accepted a plea agreement which provided that he could be sentenced to up to four years on each count. The district court honored the plea agreement and imposed two four year sentences, to be served consecutively. On appeal, Williams claims that the district court abused its discretion in sentencing him to a total of eight years because he probably would have received a lighter sentence under the guidelines. Williams further claims that, based on the circumstances surrounding his decision to accept the plea bargaining agreement, he received ineffective assistance of counsel.
 
 II.
 
 5
 Williams presents a two-fold challenge to his sentence. First, he claims that since he pled guilty to two counts of the indictment involving the same transaction, he could only receive one sentence since three telephone calls were needed to complete a single act to defraud. Second, he claims that the district court imposed a longer sentence than the statute allows and longer than he would have received under the sentencing guidelines. The Supreme Court has held that "[r]eviewing courts ... should grant substantial deference to ... the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 290 (1983). Although "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review," United States v. Tucker, 404 U.S. 443, 447 (1972), and "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," Solem, 463 U.S. at 290, n. 16, on review we must decide "whether the sentence under review is within constitutional limits." Id.
 
 
 6
 In attacking his sentence, Williams relies on Blockburger v. United States, 284 U.S. 299 (1932), Ball v. United States, 470 U.S. 856 (1985), and United States v. Schuster, 769 F.2d 337 (6th Cir.1985), cert. denied 475 U.S. 1021 (1986). Because the defendants in those cases were being sentenced under two different statutes for the same offense, we find those cases to be distinguishable from the case at bar. In this case, Williams was sentenced for multiple violations of one statute, 18 U.S.C. Sec. 1343, which provides that anyone who uses a telephone to obtain money by false pretenses can be sentenced to up to five years imprisonment. Although this circuit has never addressed whether each use of the wires constitutes a separate crime under the statute, the First Circuit Court of Appeals stated in United States v. Fermin Castillo, 829 F.2d 1194, 1199 (1st Cir.1987), that it "is well established that each use of the wires constitutes a separate crime under 18 U.S.C. Sec. 1343, even if the several uses are in pursuance of but one criminal enterprise," and that "[n]othing in the law prohibits consecutive sentences for multiple violations of Sec. 1343 which arise out of a single scheme and course of conduct." Likewise, the Eighth Circuit Court of Appeals in United States v. Moss, 631 F.2d 105 (8th Cir.1980), "refused to hold that the imposition of consecutive sentences, even when each of the separate offenses arose from a single concerted plan to defraud, constituted an abuse of discretion.' " Id. at 106, quoting United States v. Moss, 614 F.2d 171, 174 (8th Cir.1980).
 
 
 7
 Turning to the instant action, Williams does not claim that he unknowingly entered into the plea agreement, that he was coerced into pleading guilty or that the sentencing court committed any procedural or substantive error concerning the plea agreement. Since two circuits have specifically held that consecutive sentences may be imposed for multiple wire fraud offenses which arise out of a single scheme and because Williams has not cited a case which challenges the reasoning used by these circuits, we adopt the positions taken by the Second and Eighth Circuits and hold that each use of the wires constitutes a separate crime under section 1343. Thus, because the district court had the statutory authority to sentence Williams to five years per count and because the district court was not required to adhere to the sentencing guidelines in accepting Williams's plea agreement, see S.Rep. No. 225, 98th Cong. 189, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3372 (as "to any offense committed prior to the effective date [of the Guidelines], the pre-existing law will apply as to all substantive matters including the impossable sentence"), we reject both of Williams's challenges to his sentence.
 
 III.
 
 8
 Williams's second claim is that he received ineffective assistance of counsel when his attorney advised him that he would receive a lighter sentence if he pled guilty to offenses based on the October 31, 1987 fraudulent. We dismiss this claim because this issue was not raised in the district court and, therefore, is not properly before this court on review. See United States v. Chapman, 549 F.2d 1075, 1077 (6th Cir.1977).
 
 IV.
 
 9
 Because we find the defendant's arguments to be without merit, we hereby AFFIRM the district court's sentence.
 
 
 
 *
 Honorable Odell Horton, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation