United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-21214
c/w No. 03-20389
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSEPH STAFFORD,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-79-1
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Joseph Stafford, federal prisoner # 10454-042, appeals the

district court's judgment resentencing him on one count of

conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.

The Government has filed a motion to dismiss Stafford's appeal

for lack of jurisdiction because: Stafford previously raised

these issues in his 28 U.S.C. § 2255 motion; the district court

and this court denied a certificate of appealability (COA); and

without a COA, this court lacks jurisdiction to consider these

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issues. In addition to the district court's judgment on resentencing, Stafford is appealing the district court's denial of two motions, one seeking an evidentiary hearing prior to resentencing and one to recuse Judge Vanessa Gilmore on resentencing. Stafford need not obtain a COA to appeal the district court's judgment on resentencing and the denial of these motions related to resentencing. See 28 U.S.C. § 2253(c)(1)(B). Therefore, the Government's motion to dismiss the appeal for lack of jurisdiction is DENIED.

Stafford argues that Judge Gilmore should have recused herself because she failed to read the trial transcripts and because she relied on a "confidential sentencing memorandum" in resentencing him. Because Stafford has not shown any question concerning Judge Gilmore's impartiality or that she had any personal, extrajudicial bias against Stafford, the district court did not abuse its discretion in denying this motion. See United States v. Mizell, 88 F.3d 288, 300 (5th Cir. 1996).

Stafford argues that the district court should have vacated his entire sentence and resentenced him on the substantive counts of conviction and that the district court should have held an evidentiary hearing prior to resentencing. These issues are not properly before the court. Stafford is essentially arguing that he should have received more relief in the 28 U.S.C. § 2255 proceeding. However, his 28 U.S.C. § 2255 motion was denied and both the district court and this court denied his COA motions.

Stafford's appeal following resentencing is a separate criminal proceeding, not part of his 28 U.S.C. § 2255 proceeding. See United States v. Scott, 672 F.2d 454, 455 (5th Cir. 1982). The only judgment which may be reviewed in this appeal is the district court's final judgment resentencing Stafford on one conspiracy conviction. See 28 U.S.C. § 1291. Therefore, Stafford may not raise these claims in this appeal of the judgment entered on resentencing.

ALL PENDING MOTIONS DENIED; AFFIRMED.